UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LYLE B. LEONARD,

NO. CIV. S-05-1092 LKK/DAD

     Plaintiff,

   v.

O R D E R

OMNI INSURANCE GROUP, INC.;
and HARTFORD FINANCIAL
SERVICES GROUP, INC.,

     Defendants.

_____/

    This matter is before the court on defendant Omni Insurance Company's ("defendant") notice of removal predicated upon this court's diversity jurisdiction. See 28 U.S.C. § 1332. This court has an independent duty to ascertain its jurisdiction, and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979). In issues pertaining to removal, the defendant bears the burden of establishing this court's jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195

1

1   (9th Cir. 1988).  Below, I explain why defendant has failed to meet

2   this burden.

3       Diversity jurisdiction requires complete diversity of

4   citizenship among the parties, as well as a minimum amount in

5   controversy of more than $75,000.  See id.  While it appears that

6   diversity of citizenship is satisfied, defendant has not met its

7   burden in demonstrating that the amount in controversy exceeds

8   $75,000.  Where the jurisdictional amount cannot be ascertained

9   from the allegations of the complaint, the burden is on the

10  defendant to prove the minimum jurisdictional amount by a

11  preponderance of the evidence.  See Sanchez v. Monumental Life Ins.

12  Co., 95 F.3d 856, 860 (9th Cir. 1996).

13      Plaintiff filed suit against defendants alleging breach of

14  contract and breach of the implied covenant of good faith and fair

15  dealing.  He alleges in his complaint that his damage totals a sum

16  in excess of the jurisdictional minimum of the Superior Court of

17  the State of California, i.e., $25,000.  That is the only numerical

18  amount plaintiff assigns to his damages.  Defendant's removal

19  petition, however, states that "the matter in controversy exceeds

20  the sum of $75,000 . . ." because plaintiff is seeking recovery of

21  punitive damages and attorney's fees in addition to general damages

22  in an unspecified amount for breach of contract.  See Notice of

23  Removal at 2.  In essence, defendant is speculating that the

24  damages sought meets the statutory requirement.  Defendant provides

25  no further explanation or evidence in support of this speculation.

26  ////

1  "A speculative argument regarding the potential value of the award

2  is insufficient." <u>Conrad Assoc. v. Hartford Accident & Indemnity</u>

3  <u>Co.</u>, 994 F.Supp. 1996, 1198 (N.D. Cal. 1998)(citing <u>Gaus v. Miles</u>,

4  980 F.2d 564, 567 (9th Cir. 1992)). "Because the 'removal statutes

5  are strictly construed against removal,' <u>Libhart</u>, 592 F.2d 1062,

6  1064 (9th Cir. 1979), generally speaking doubts about removal must

7  be resolved in favor of remand." <u>Dodd v. John Hancock Life Ins.</u>

8  <u>Co.</u>, 688 F.Supp. 564, 566 (E.D. Cal. 1988); <u>see also</u> 28 U.S.C.

9  § 1447(c).  Because defendant has not established the requisite

10  amount in controversy in the instant case, the court lacks subject

11  matter jurisdiction and must remand the case.  <u>Id</u>.

12      For the foregoing reasons, the court hereby ORDERS the above-

13  captioned case REMANDED to the Superior Court of the State of

14  California in and for the County of Butte.

15      IT IS SO ORDERED.

16      DATED:  June 13, 2005.

17                  <u>/s/Lawrence K. Karlton</u>

                       LAWRENCE K. KARLTON

18                  SENIOR JUDGE

                       UNITED STATES DISTRICT COURT

19

20

21

22

23

24

25

26